# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR EUGENE TYES, | CV F   04 5003 REC LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | (Doc. 1.) |
| J.D. SCOTT, et. al. | |
| Defendants. | |

Arthur Eugene Tyes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 5, 2004, naming defendants J.D. Scott, C. Shilay, and K.E. Todd as defendants for the unauthorized deprivation of property.

**A.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  Summary of Plaintiff's Complaint**

Plaintiff contends on May 2, 2001, defendant Scott illegally donated his personal and legal property.  Plaintiff requests that his property be returned replaced or that he be compensated in the amount of $10,000.

**C.  Analysis**

An "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Because a deprivation of the type alleged in plaintiff's complaint is unauthorized, and because the state does provide a meaningful postdeprivation remedy, plaintiff has not stated a cognizable procedural due process claim.

**D.  Conclusion and Recommendation**

Based on the foregoing, the court finds that plaintiff has failed to state a claim for relief under section 1983.  Further, the court finds that the deficiency in the complaint is not capable of

1  being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C.
2  § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the
3  Court RECOMMENDS that this action be dismissed in its entirety.
4  　　　It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
5  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
6  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
7  Court, Eastern District of California. Within THIRTY (30) days after being served with a copy
8  of this Report and Recommendation, any party may file written objections with the Court and
9  serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
10 Judge's Findings and Recommendations." Replies to the Objections shall be served and filed
11 within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.
12 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
13 　　　The parties are advised that failure to file objections within the specified time may waive
14 the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
15 1991).
16 IT IS SO ORDERED.
17 **Dated:    April 26, 2005**              /s/ Lawrence J. O'Neill
   b9ed48                                   UNITED STATES MAGISTRATE JUDGE